**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; COMMONWEALTH OF VIRGINIA; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; Governor of the COMMONWEALTH OF PENNSYLVANIA; STATE OF VERMONT; STATE OF WISCONSIN;<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, *in his official capacity as Secretary of Transportation*; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; DEREK D. BARR, *in his official capacity as Administrator of the Federal Motor Carrier Safety Administration*; AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS,<br><br>*Defendants*. | No. 1:26-cv-2547 |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

**[PROPOSED] ORDER**

Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that Plaintiff States' emergency motion for a temporary restraining order ("TRO") is GRANTED.

**TEMPORARY RESTRAINING ORDER**

The Court finds that Plaintiff States have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. In support of this Order, the Court makes the following findings:

1. On July 23, 2026, Defendant Federal Motor Carrier Safety Administration (FMCSA) threatened Defendant American Association of Motor Vehicle Administrators (AAMVA) by demanding that they turn over the contents of a database—the Commercial Driver License Information System (CDLIS)—containing the sensitive personal information of millions of drivers (the Data Demand) or face immediate termination of all of AAMVA's federal contracts and funding, including approximately $10 million that funds the database itself, and the cooperative agreement that authorizes AAMVA to operate CDLIS.

2. On August 11, 2026, Defendants FMCSA informed AAMVA that, if AAMVA did not produce the requested records by Monday, August 17, FMCSA would carry out its threat to terminate AAMVA's federal funding.

3. FMCSA, which is a sub-agency of Defendant Department of Transportation (DOT), coordinated the Data Demand with the U.S. Department of Homeland Security (DHS), which issued a subpoena requesting the same records as the Data Demand and stating that it was doing so for immigration enforcement purposes.

4. FMCSA, DOT, the Secretary of Transportation, and the Administrator of FMCSA (collectively, "Agency Defendants") failed to consult, or even notify, Plaintiff States regarding the Data Demand, despite demanding 17 million of Plaintiff States' confidential records and threatening to take actions that—by shutting down the CDLIS database—could prevent Plaintiff States from issuing or renewing commercial driver's licenses entirely, and cause the loss of up to

eight percent of Plaintiff States' federal highway funds, which are conditioned on the States' use of CDLIS for commercial driver licensing.

5. AAMVA has informed Plaintiff States that it will not disclose the requested records to FMCSA or DHS by August 17, 2026.

6. Plaintiff States are likely to prevail on their claims that Agency Defendants' actions are contrary to law in violation of the Administrative Procedure Act. Agency Defendants have likely violated 49 U.S.C. § 31309(a) by issuing the Data Demand without consulting with the States. Agency Defendants have also likely violated the Driver's Privacy Protection Act, which prohibits "any person" from knowingly "obtain[ing] or disclos[ing] any personal information[] from a motor vehicle record" unless one of fourteen enumerated exceptions applies. 18 U.S.C. § 2722(a); *see id.* § 2721(a)(1), (c). The sole exception identified by FMCSA as a basis for disclosure, the government use exception (18 U.S.C. § 2721(b)(1)), is likely not applicable here because Agency Defendants 1) have not shown that FMCSA will actually use all of the records it demands, 2) have not identified any particular statutory functions for which FMCSA intends to use the data, and instead, 3) have made clear that they are not seeking the data solely for FMCSA's own use, but also so that FMCSA can share the information with DHS for use in connection with immigration enforcement. The Data Demand is also likely contrary to the Privacy Act of 1974 because Agency Defendants 1) have failed to meet that statute's requirements regarding notice both to Congress and the public and failed to offer a public comment period (*see* 5 U.S.C. § 552a(e)(4) & (11), (r)); 2) have failed to articulate a specific purpose "required to be accomplished" by FMCSA that would justify the possession and maintenance of these records (*see id.* § 552a(e)(1)); and 3) intend to redisclose the data to DHS, in violation of the Privacy Act's core prohibition against disclosing personal information without consent (*see id.* § 552a(b)(1)).

7. Plaintiff States are also likely to prevail on their claims that the Data Demand is arbitrary and capricious in violation of the Administrative Procedure Act, because Agency Defendants 1) have not provided a satisfactory explanation for the Data Demand, 2) failed to consider important aspects of the problem, including the costs of disclosing the sensitive personal

information contained in 17 million records and the dire consequences that would ensue if FMCSA carried out its threat to shut down CDLIS, 3) did not consider alternatives to the Data Demand, 4) did not acknowledge or explain the dramatic change in policy that the Data Demand embodies, and 5) did not consider related reliance interests. Additionally, Agency Defendants' rationale is likely pretextual.

8. Plaintiff States are also likely to prevail on their claim that the Data Demand violates the Spending Clause, because the CDLIS statute does not provide clear notice that States have agreed to surrender their driver's license records to FMCSA, or any other agency of the federal government, as a condition of receiving a portion of their federal highway funds. *See* 49 U.S.C. § 31311 (providing a detailed list of requirements for state participation in CDLIS). Moreover, the character of CDLIS as a clearinghouse that is intended to allow States to *exchange* with one another information *owned by the States themselves* reinforces the conclusion that the States did not knowingly or voluntarily agree to turn over their records to FMCSA by accepting federal highway funds.

9. Plaintiff States of Illinois, California, Maine, and the District of Columbia ("Contract Plaintiffs") are likely to succeed on their claims that AAMVA cannot lawfully disclose their records under its contracts with those States. Each of these contracts dictates that any data the Contract Plaintiffs provide to AAMVA is considered confidential information, and each imposes strict limitations on the disclosure of such information. *See* Compl., ECF No. 1, ECF No. 1-3 at 13 ¶ 4.8; ECF No. 1-5 at 13 ¶ B(1); ECF No. 1-10 at 13, ¶ 30(B); ECF No. 1-11 at 14 ¶ I.3, 21 ¶ I.10. The Data Demand does not fall within these strict limitations and none of Contract Plaintiffs have given AAMVA permission to disclose state data to FMCSA or DHS in response to the Data Demand. Rather, Contract Plaintiffs have unambiguously communicated that AAMVA does not have permission to carry out a bulk transmission of their respective data. AAMVA's transfer of Contract Plaintiffs' data to FMCSA or DHS would violate the respective contracts.

10. Plaintiff States are likely to suffer irreparable harm in the absence of temporary relief. If Agency Defendants were to follow through on the threat to effectively shut down CDLIS by

terminating the federal funding that sustains it and the cooperative agreement that authorizes AAMVA to operate it, Plaintiff States would lose the ability to issue commercial driver's licenses, and their ability to monitor and ensure the safe operation of commercial motor vehicles within their respective borders would be impaired. Plaintiff States would also be irreparably harmed if AAMVA complies with the Data Demand, inflicting irreparable damage to public trust in Plaintiff States' handling of driver data, resulting in fewer people seeking commercial and personal driver's licenses, a drop in fee revenue, and a potential increase in unauthorized driving and the attendant public safety risks. Disclosure of the States' data would also impose significant compliance burdens on Plaintiff States, requiring some States to give notice to residents and necessitating revisions to official forms and communications. Plaintiff States would also lose the ability to superintend, secure, and verify their records, and the ability to enforce their own laws governing the use of this information if Agency Defendants succeed in taking custody of Plaintiff States' CDLIS data, creating a new database of State-owned information that the States can no longer update or correct. That creates an imminent and unacceptable risk that Agency Defendants, or other federal agencies with whom they share the data, will take adverse action against the States or their residents based on out-of-date, incomplete, or erroneous information.

11. The balance of equities and public interest favor injunctive relief. Either the shutdown of CDLIS or the disclosure of Plaintiff States' CDLIS data in response to Agency Defendants' Data Demand would be unlawful, and would irreparably harm Plaintiff States and the public. Temporarily maintaining the status quo by enjoining Agency Defendants from carrying out their threat would not harm Agency Defendants because they have carried out their statutory functions for decades without the demanded data, and would not harm AAMVA because AAMVA has not sought this disclosure.

Accordingly, it is hereby:

**ORDERED** that Defendants U.S. Department of Transportation, Secretary Sean Duffy, the Federal Motor Carrier Safety Administration, and Administrator Derek D. Barr (collectively,

"Agency Defendants") are temporarily restrained from demanding and/or accepting transfer of Plaintiff States' CDLIS Master Pointer Records pursuant to the Data Demand,

**ORDERED** that Agency Defendants are temporarily restrained from taking any action to implement or enforce the Data Demand with respect to Plaintiff States' CDLIS Master Pointer Records, including terminating or threatening to terminate AAMVA's federal contracts or funding, terminating or threatening to terminate Plaintiff States' federal contracts or funding, or taking any other action that could impair the operation of CDLIS or Plaintiff States' ability to issue commercial driver's licenses, and

**ORDERED** that Defendant AAMVA is temporarily enjoined from transferring Plaintiff States' CDLIS Master Pointer Records to Agency Defendants pursuant to the Data Demand or to DHS or any other agency in coordination with FMCSA or the Department of Transportation.

SO ORDERED, this ____ day of ____________, 2026.

________________________________________
UNITED STATES DISTRICT JUDGE