**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| State of Illinois, et al.,<br><br>Plaintiffs<br><br>v.<br><br>United States Department of Transportation, et al.,<br><br>Defendants. | No. 1:26-cv-2547 |

# DEFENDANT AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS' RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION


Jay C. Johnson, VSB 47009
Scott S. Sheffler, pro hac vice
Emma Blaser, pro hac vice
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice pending
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Defendant
American Association of
Motor Vehicle Administrators

## DISCUSSION

Defendant American Association of Motor Vehicle Administrators is responding to Plaintiffs' summary judgment motion to clarify three points raised in that motion and in the earlier temporary restraining order proceedings. AAMVA also adopts and incorporates its response in those TRO proceedings. *See* ECF 46.

### A. If no exception to the Driver's Privacy Protection Act applies, AAMVA faces significant liability.

As AAMVA explained in response to Plaintiffs' TRO motion, sharing the CDLIS master pointer records with FMCSA would create legal risks for AAMVA under its contracts with the States, State law, and the federal Driver's Privacy Protection Act. *See* ECF 46 at 9–10.

The order granting Plaintiffs' TRO motion heightens AAMVA's risks under the DPPA. In particular, the order finds that "the Federal Defendants have failed to articulate how their obtaining" the master pointer records from AAMVA satisfies the "enumerated exceptions … that authorize disclosing or making available the highly restricted personal information" in those records. ECF 54 at 9. If that finding holds, AAMVA's sharing the master pointer records with FMCSA would violate the DPPA. *See* 18 U.S.C. § 2721(a), (b). Knowingly violating the DPPA can result in damages of at least $2500 per violation, plus reasonable attorneys' fees and costs. *Id.* § 2724. And since the Federal Defendants are seeking information about more than 17 million drivers, AAMVA's potential civil DPPA liability is astronomical—in the tens of billions of dollars.

This massive liability risk is one more reason that AAMVA needs certainty. If AAMVA discloses driver information to the Federal Defendants without a definitive ruling that one of the DPPA's exceptions applies, or that it is shielded from liability in some other way, it could be sued by individual drivers in federal courts around the country. *Id.* The best way to protect against this risk, at least for now, is for the Court to enter a preliminary injunction.

### B. It is unclear to AAMVA how the master pointer records could be used for immigration enforcement.

As the Court knows, AAMVA received an "Immigration Enforcement Subpoena" from the Department of Homeland Security seeking the same master pointer records that the Federal Defendants have requested. *See* ECF 54 at 2. The Court's order granting Plaintiffs' TRO motion found that the Federal Defendants had "conceded" that those records would be "share[d]" with DHS "for 'immigration enforcement purposes.'" *Id.* at 10 (quoting ECF 1-2 at 14) (brackets omitted). The order also found that "the Federal Defendants have failed to dispel the compelling inference that they seek these 17 million files in large part, if not primarily, for immigration enforcement …." *Id.* at 11.

Even though the Federal Defendants have suggested that the master pointer records could be used for immigration enforcement, *see* ECF 45 at 20, 24–25, it remains unclear to AAMVA how that would work. As far as AAMVA can tell, the only information in the master pointer records that might be used for immigration enforcement purposes is the presence or absence of a Social Security number. But of the over 17.3 million master pointer records that AAMVA maintains, over 17.2 million—99.44%—include Social Security numbers. Ex. A, Declaration of Cian Cashin ¶¶ 4–6. Fewer than 100,000 records lack a Social Security number. *Id.* ¶¶ 5–6. *See* 49 U.S.C. § 31309(b)(1)(C) (requiring "the social security account number … or other number or information … appropriate to identify the operator").

None of this resolves the larger legal dilemma that AAMVA faces. Nor does it change any of the legal positions that AAMVA took in response to Plaintiffs' TRO motion. AAMVA is simply providing the Court with additional context and information about what the master pointer records contain.

### C. The information availability provisions in the 1986 Commercial Motor Vehicle Safety Act have been superseded by statute.

The 1986 Commercial Motor Vehicle Safety Act that created CDLIS also required "the operator of the information system" (which has always been AAMVA) to "make available to the Secretary" certain information about "the driving status and licensing" of commercial

vehicle operators. Pub. L. 99-570 § 12007(e)(4). Three other categories—States, employees, and employers—could obtain information from CDLIS under the 1986 Act. *Id.* § 12007(e)(1)–(3). But those access provisions are irrelevant here because they were removed from the statute in 1998. *See* Pub. L. 105-178 § 4011(d)(5).

Under the law as it now stands, information in CDLIS must "be made available and subject to review and correction in accordance with the policy developed under section 31106(e)." 49 U.S.C. § 31309(c). Section 31106(e), in turn, directs the Secretary to develop a policy "consistent with Federal information laws" (like the Privacy Act) that "provide for review and correction of" the information in CDLIS.[*] 49 U.S.C. § 31106(e). FMCSA issued that policy in 2005. *See* 70 Fed. Reg. 2454, 2455 (Jan. 13, 2005).

FMCSA's 2005 Federal Register notice concluded that "CDLIS is not a Federal 'system of records' as defined by the Privacy Act because the records in CDLIS are not controlled by FMCSA." 70 Fed. Reg. at 2455. The notice also warned that if a Federal agency ever did "establish a system of records" using "information obtained from CDLIS," that agency "may also need to provide a process for review and correction of those records." *Id.* As for the information already in CDLIS, FMCSA said that "[d]rivers who wish to review and, if necessary, correct information about them in CDLIS must contact the State agency that issued their license." *Id.* At the end of the notice, FMCSA created a policy about other Federal agencies accessing CDLIS information. *Id.*

Of course, Article 7(b) of the Cooperative Agreement between AAMVA and FMCSA still applies. AAMVA's TRO response discussed its interpretation of that Article's language granting FMCSA access to "all information on all driver records." *See* ECF 46 at 8–9. In short, AAMVA has always understood Article 7(b) as requiring AAMVA to give FMCSA access to CDLIS driver records using specific CDLIS searches, and that is what AAMVA has always done. *Id.* at 8.

[*] The Privacy Act of 1974 allows individuals named in a "system of records" to "review" and request "correction" of their record. 5 U.S.C. § 552a(d).

## CONCLUSION

The Court should protect AAMVA's operation of CDLIS while the legal issues in this case are resolved by granting Plaintiffs' requested preliminary injunction.

Dated: September 3, 2026

Respectfully submitted,

*/s Jay C. Johnson*

Jay C. Johnson, VSB 47009
Scott Sheffler, pro hac vice
Emma Blaser, pro hac vice
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice pending
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Defendant
American Association of
Motor Vehicle Administrators

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this case.

*/s Jay C. Johnson*
Jay C. Johnson, VSB 47009
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000