**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-2547 |

**SECOND DECLARATION OF THOMAS J. LIBERATORE**

Pursuant to 28 U.S.C. § 1746, I, Thomas J. Liberatore, declare and state as follows:

1. I am the Acting Associate Administrator in the Office of Safety at the Federal Motor Carrier Safety Administration ("FMCSA" or "Agency"), an operating administration of the U.S. Department of Transportation ("DOT"). I previously signed and submitted a declaration in this case, *see* ECF No. 45-2, and I incorporate by reference the information discussed therein.

2. As Acting Associate Administrator for Safety, I support FMCSA's mission of reducing crashes, fatalities, and injuries involving large trucks and buses. I oversee FMCSA's safety operations, including all Division Offices, Service Centers, and Headquarters safety and enforcement operations. FMCSA's Headquarters safety and enforcement operations is comprised of the Office of Enforcement and Compliance and Office of Safety Programs, which includes the Commercial Driver's License ("CDL") Division. The CDL Division works to develop, maintain, and enforce standards for testing and ensuring the fitness of commercial motor vehicle drivers and, in coordination with the American Association of Motor Vehicle Administrators

("AAMVA") and the States, works to ensure the Commercial Driver's License Information System ("CDLIS") is operated in accordance with applicable Federal laws and regulations.

3. In my official capacity, I have access to FMCSA records reflecting its oversight of CDLIS, as well as the development, maintenance, and enforcement of CDL standards. I have access to the information referenced herein. As such, I am fully familiar with the facts set forth in this declaration, which were considered by the agency when it issued the August 11 Letter to AAMVA.

**<u>How FMCSA Plans to Use the Requested CDLIS Data</u>**

4. To support FMSCA's statutorily-mandated oversight of State CDL programs, FMCSA sent a letter to AAMVA on June 25, 2026, requesting information for all individual pointers within CDLIS for the last five years in accordance with Article 7(b) of the 2013 CDLIS Agreement. Compl., Ex. 1, ECF 1-2 at 2. In a subsequent letter to AAMVA, FMCSA explained that the Agency would use the CDLIS data as part of FMCSA's ongoing statutory and regulatory oversight efforts to ensure the integrity and issuance of CDLs. *Id*. at 5. In a letter to AAMVA, dated July 24, 2026, the Agency reiterated that, "FMCSA intends to use [the] data to execute its statutory and regulatory mandates under 49 U.S.C. Chapters 311 and 313, including verifying [CDL] validity and conducting motor carrier assessments." *Id*. at 9.

5. The requested CDLIS pointer data includes driver name, date of birth, State of record, license number, and social security number, if available. In most cases, the CDLIS data requested will include partial social security numbers.

6. The requested CDLIS pointer data will serve many of FMCSA's purposes, including investigation and enforcement activities, collection of civil penalties, State

performance monitoring (particularly as it relates to the issuance of non-domiciled CDLs), and data analytics.

7. If the CDLIS data is furnished as requested, FMCSA intends to cross-reference it against existing driver information in the Agency's information and enforcement systems. Each category of data element requested will support FMCSA's oversight, analysis, and enforcement efforts as follows:

***Investigation and Enforcement***

8. The list of driver names, license numbers, States of record, dates of birth, and social security numbers will assist FMCSA in ensuring that the Agency has correctly identified individuals subject to investigation or enforcement.

9. In a population of millions of drivers, more identifying data will enable FMCSA to ensure it has identified the correct driver for intervention, especially when a driver has a common first or last name.

10. The requested data will also help FMCSA ensure positive identification of drivers who have multiple different names or multiple variations of the same name in FMCSA's or other government information systems.

11. Further, it will help FMCSA identify individuals who are trying to evade detection by providing false identity information.

***Collections***

12. Social security numbers (whether full or partial) belonging to commercial learner's permit ("CLP") and CDL drivers will assist FMCSA's enforcement efforts under 49 U.S.C. §§ 521, 5122, 5123, 14914 and 49 CFR Part 386.

13. For CLP and CDL holders who have defaulted on payment of monetary civil penalties assessed by FMCSA, the Agency can use the driver's full or partial social security number when initiating collection proceedings through the U.S. Department of Treasury.

14. Though FMCSA currently refers drivers in default to the Treasury Department for collection proceedings without social security numbers, including this information will make the collection process more efficient and help ensure proper identification. Such use of the driver's social security number is consistent with the Privacy Act.

***Performance Monitoring***

15. Due to the systemic, nationwide regulatory non-compliance by States in issuing non-domiciled CLPs and CDLs uncovered during the 2025 Annual Program Reviews, FMCSA intends to engage in ongoing performance monitoring of State CDL issuance practices to ensure compliance with Federal regulations, as contemplated by Executive Order 14286.

16. Given the volume of drivers who currently hold a CLP or CDL in the United States, monitoring State CDL issuance practices by performing a single query for each individual driver would require FMCSA personnel to perform millions of individual queries to obtain CDL issuance and expiration dates and other information about the driver and the licensing process.

17. The requested CDLIS data, however, will enable FMCSA to conduct batch queries for this information, which FMCSA may use to cross reference licensing information against other government information systems to ensure States are issuing CDLs to drivers who meet the eligibility requirements and that CDL expiration dates do not exceed the limitations set forth in 49 CFR 383.73.

18. Further, under FMCSA's current oversight practices, the Agency is wholly reliant on State-reported estimates to determine CDL driver populations because FMCSA does not have

the full set of CDLIS pointer data. Consequently, obtaining the requested CDLIS data is critical for FMCSA to utilize CDLIS's bulk query function and use that bulk data to verify regulatory compliance, correct systemic errors, and fulfill the Agency's statutory duty to protect the traveling public.

19. FMCSA intends to use the requested CDLIS data to ensure that States issue CLPs and CDLs to drivers who are qualified, properly trained, and do not pose significant safety risk, and to assess whether significant safety incidents were caused by drivers who were improperly issued a CLP or CDL. Without the requested CDLIS data, FMCSA will be hindered in its statutory obligation to oversee State CDL issuance and ensure national compliance and uniformity.

20. The requested CDLIS data will enable FMCSA to engage in continuous performance monitoring of:

a. State non-domiciled and standard CLP and CDL issuance practices to ensure they are complying with 49 CFR Part 383 and 49 CFR Part 384, Subpart B;

b. State compliance with the medical recordkeeping requirements set forth in 49 CFR 383.73(o) and ensure appropriate State connectivity with FMCSA's National Registry of Certified Medical Examiners;

c. State compliance with CLP and CDL issuance and downgrade requirements associated with FMCSA's Drug and Alcohol Clearinghouse (Clearinghouse) set forth in 49 CFR 383.73(a)(8), (b)(10), (c)(10), (d)(9), (e)(8), (f)(4), and (q), and ensure appropriate State connectivity with the Clearinghouse;

d. State compliance with regulations requiring the exclusive electronic exchange of driver history record information through CDLIS in 49 CFR 384.208(a) and 384.209(c); and

e. Entry-Level Driver Training Provider compliance with FMCSA's regulations set forth in 49 CFR Part 380, Subpart G.

***Data Analytics***

21. Conducting individual queries hampers FMCSA's ability to perform data analytics to support its programs.

22. For example, there were approximately 822,000 crashes involving commercial motor vehicles, including those that do not require a CDL (i.e., "non-CDL" commercial motor vehicles) from October 1, 2022, to July 31, 2026. Non-CDL commercial motor vehicles may be driven by CDL-holders and non-CDL holders. The crash data, reported to FMCSA by its State partners, does not identify whether the commercial motor vehicle driver involved holds a CDL. Consequently, for crashes that involve a commercial motor vehicle for which a CDL is not required, FMCSA must conduct an individual query to determine if the driver involved holds a CLP or CDL, which is an unnecessarily inefficient and time consuming process given the significant volume of crashes. By obtaining the requested CDLIS data, FMCSA will be able to conduct a bulk query for data about some, or all, of the drivers involved in the crashes to discern which drivers hold a CLP or CDL and, in turn, analyze that data to inform the Agency's safety policies and programs.

23. While FMCSA has conducted targeted more limited investigations and data analysis in the past without the ability to conduct bulks queries of CDLIS data, FMCSA intends to conduct broader oversight and data analysis concerning CDL issuance and testing, entry-level

driver training, and motor carrier use of CDL drivers. FMCSA's planned activities in this regard are aimed at addressing widespread State noncompliance with Federal regulations governing non-domiciled CDL issuance, CDL fraud, and CDL "mills" for domestic and foreign domiciled drivers attempting to obtain State-issued CDLs.

24. The ability to conduct bulk queries will alleviate many inefficiencies and permit FMCSA to better fulfill its statutory mandates. A bulk query using the drivers' license numbers would return a comprehensive spreadsheet that is ready for further analysis.

25. Because CDLs are issued by States, FMCSA does not have a list of corresponding numbers for each CDL in CDLIS and thus cannot perform a bulk query that would capture all relevant records.

26. Additionally, individual CDLIS query reports are returned as a PDF document. Consequently, without the requested data, FMCSA personnel would need to manually transfer the information returned in the PDF document to a separate spreadsheet for data analysis. Such a practice would be exceedingly inefficient, time consuming, and labor intensive.

27. Obtaining the requested CDLIS data will also enable FMCSA to assess motor carrier-employer compliance with certain Clearinghouse violation reporting requirements. Under current regulations, 49 CFR 382.705(b)(4), motor carrier employers are required to submit a violation report to the Clearinghouse when an employee-driver, who holds a CLP or CDL, is issued a citation for driving a commercial motor vehicle under the influence of alcohol or controlled substances (DUI in a CMV). At the present time, FMCSA is reliant on motor carrier-employers to submit the required violation reports, and the Agency has little insight into whether the reports are being submitted. By obtaining the requested CDLIS data, FMCSA will be able to

perform bulk queries to discern when convictions of DUI in a CMV occur to ensure that motor carrier-employers properly reported the citation issuance to the Clearinghouse at the outset.

28. In addition, obtaining the requested data will enable FMCSA to perform bulk queries to analyze violation trends and determine crash risk, which will help shape the direction of future rulemakings and enforcement policies.

29. Furthermore, obtaining the requested CDLIS data supports FMCSA's on-going efforts to comply with Executive Order 14286, which explicitly directed FMCSA to "review non-domiciled [CDLs] issued by relevant State agencies to identify any unusual patterns or numbers or other irregularities…." FMCSA's centralized access to the requested CDLIS data will facilitate the Agency's review of State non-domiciled and standard CDL issuance records, assist the Agency in assessing instances and improper CDL issuance and determining whether such noncompliant practices are widespread, help the Agency evaluate the efficacy of Federal oversight, and support the Agency's efforts to ensure that every driver permitted to operate an 80,000-pound commercial motor vehicle on the Nation's roadways is properly verified, tested, licensed, and qualified.

30. Under DOT Order 8000.8A,[1] issued on November 20, 2020, as well as 5 U.S.C. § 406(a)(1), FMCSA is required to provide the DOT Office of Inspector General (OIG) timely access to all records and materials relevant to programs and operations for which OIG has investigative responsibilities. Accordingly, the requested CDLIS data may also be used to support OIG's criminal investigations.

31. Finally, obtaining the requested CDLIS data will help FMCSA properly allocate resources for oversight of CLP and CDL issuance among jurisdictions and assist in reporting

[1] DOT Order 8000.8A is available at https://www.transportation.gov/orders/office-inspector-general-investigative-responsibilities-0.

information to Congress about the scale of the national CDL program and budgetary needs to fulfill the Agency's statutory oversight mandate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026, at Washington, D.C.

THOMAS JOSEPH LIBERATORE

Digitally signed by THOMAS JOSEPH LIBERATORE
Date: 2026.09.03 13:11:47 -04'00'

By: ______________________________
Thomas J. Liberatore
Acting Associate Administrator for Safety
Federal Motor Carrier Safety Administration
U.S. Department of Transportation