**IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-2547 |

**DECLARATION OF KEITH GRAHAM**

Pursuant to 28 U.S.C. § 1746, I, Keith Graham, declare and state as follows:

1. I am the Chief Financial Officer (CFO) at the Federal Motor Carrier Safety Administration ("FMCSA" or "Agency"), an operating administration of the U.S. Department of Transportation.

2. As the CFO, I support FMCSA's mission of reducing crashes, fatalities, and injuries involving large trucks and buses by overseeing FMCSA's funding of all grants, contracts and cooperative agreements.

3. In my official capacity, I have access to FMCSA records related to the funding and oversight of contracts and grants to the American Association of Motor Vehicle Administrators (AAMVA) related to the Commercial Driver's License Information System (CDLIS). I have access to the information referenced herein. As such, I am fully familiar with the facts set forth in this declaration.

**CDLIS Contracts**

4. FMCSA currently has two active contracts with AAMVA. The total obligated amount of funding on these two contracts is $10,892,437.00 and the total value of both contracts (if all options are exercised) is $20,837,936.

5. The contracts fund federal users' access to CDLIS and operation and maintenance costs for CDLIS.

6. If FMCSA were to terminate the contracts with AAMVA, the Agency and Contracting Officer (CO) would first have to determine whether a termination would be proper as either a Termination for Convenience or Termination for Default under the Federal Acquisition Regulation (FAR).

7. Contracts may be terminated for the convenience of the government in accordance with FAR at 48 CFR Part 49, Subpart 49.5 if an Agency decides that continuing the contract is no longer in the best interest of the government. After termination for convenience, the contractor may file a claim against the government for allowable incurred costs, reasonable profit on work done and settlement/wind down costs. If the contractor and government cannot agree on the settlement proposal amount, the CO issues a unilateral determination, which the contractor can appeal for full compensation. A contractor may also challenge the termination itself (seeking breach of contract damages) under limited circumstances and may succeed if the contractor proves the government acted in bad faith or committed a clear abuse of discretion.

8. Contracts with the government may also be terminated for default, in accordance with FAR at 48 CFR Part 49, Subpart 49.4, due to contractor failure or breach, such as missed deadlines, non-conforming work, or failure to progress, for example. But prior to the termination for default, the CO must first issue an administrative Cure Notice (with a 10-day minimum) or an administrative show cause notice before terminating the contract.

9. To appeal a Contracting Officer's final decision regarding any termination, a contractor must file an appeal under the Contract Disputes Act (CDA) (41 U.S.C. §§ 7101–7109), with either the Civilian Board of Contract Appeals (CBCA) within 90 days of the Contracting Officer's final decision or the U.S. Court of Federal Claims (COFC) within 12 months of the Contracting Officer's final decision. When a contractor appeals a termination, the review tribunal—either the Civilian Board of Contract Appeals (CBCA) or the U.S. Court of Federal Claims (COFC)—reviews the case *de novo*.

**CDLIS Grants**

10. To support CDLIS, FMCSA currently has 18 open grants (awarded from Fiscal year 2023 to Fiscal Year 2026) with a total value of $21,281,980.

11. The grants provide funding to AAMVA under the CDL grant program (49 USC §31313) for enhancements, testing support, and training, among other projects.

12. If a grantee fails to comply with the U.S. Constitution, Federal statutes or regulations, or the terms and conditions of the grant, FMCSA may impose certain specific conditions on the grantee. 2 CFR § 200.339. Prior to imposing specific conditions, the Agency must provide the grantee with notice of, among other things, the reason why the specific condition(s) is being imposed, the nature of the action needed to remove the specific condition(s), and the method for requesting reconsideration of the imposition of the specific condition(s). *Id.* § 200.208(d).

13. If the Agency determines that the grantee's noncompliance cannot be remedied by imposing specific conditions, the Agency may take one or more of the following actions: (a) temporarily withholding payments until the grantee takes corrective action; (b) disallowing costs for all or part of the activity associated with the noncompliance; (c) suspending or terminating the grant in part or in its entirety; (d) initiating suspension or debarment proceedings; (e)

withholding further Federal funds for the project or program; or (f) pursuing other legally available remedies. 2 CFR § 200.339. Upon initiating a remedy for noncompliance, the Agency must provide the grantee with an opportunity to object and provide information challenging the action. *Id.* § 200.342.

14. Grants may also be terminated under federal award regulations (2 CFR § 200.340) and statutory oversight authority. Grant termination may be for cause or due to a shift in Agency priorities.

15. Before a grant may be terminated, the Agency must issue a formal written notification specifying the reason for termination, the effective date, and instructions for settling remaining allowable expenses. Under 2 CFR § 200.342, the Agency must provide an opportunity for appeal.

16. The person vested with the authority to issue a grant termination or other corrective action against a grantee is the Agency's Grant Officer, Thomas Martin, who reports to me as CFO. The August 11th letter which threatened grant termination was signed by the Agency's Chief Counsel, Rebecca Pettit, and not the Agency's Grant Officer, Thomas Martin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026, at Washington, D.C.

KEITH ANTHONY GRAHAM

Digitally signed by KEITH ANTHONY GRAHAM
Date: 2026.09.03 14:26:45 -04'00'

By: ________________________
Keith Graham
Chief Financial Officer
Federal Motor Carrier Safety Administration
U.S. Department of Transportation