**IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No. 1:26-cv-2547 (AJT/IDD) |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BENJAMIN T. HAYES
Senior Counsel to the Assistant Attorney General
Civil Division

NOAH T. KATZEN
Assistant Branch Director

EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
LINDSEY GILMAN
(AZ Bar No. 034003)
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 353-5525
Eitan.r.sirkovich@usdoj.gov

TODD BLANCHE
United States Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3731
Fax: (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

*Counsel for Federal Defendants*

Federal Defendants respectfully request clarification of the Court's preliminary injunction, ECF No. 113. Federal Defendants respectfully request an expedited determination on this motion by October 2, 2026.[1] The Court's Order states that

> pending further order of the Court the Defendants DOT, FMCSA, Secretary of Transportation, and the Administrator of FMCSA, their officers, agents, servants, employees and attorneys, and those who are in active concert or participation with them, be, and the same hereby are, ENJOINED from taking any adverse actions against the Plaintiff States or the AAMVA based on the failure to transfer to them the information requested in the Data Demand, including, without limitation, terminating or threatening to terminate AAMVA's federal contracts or funding, terminating or threatening to terminate Plaintiff States' federal contracts or funding, or taking any other action that could impair the operation of CDLIS or Plaintiff States' ability to issue commercial driver's licenses.

*Id*. The injunction also enjoins AAMVA from "transferring to the Federal Defendants or any other agency the Plaintiff States' CDLIS Master Pointer Records, as requested in the Data Demand." *Id*.

Federal Defendants do not understand the Court's preliminary injunction to impose restrictions upon the federal government's exercise of legal authorities not at issue in or implicated by this litigation, including statutory authorities (including criminal authorities) possessed by departments or agencies that are not parties to this case. Nonetheless, Federal Defendants request that the Court clarify that its preliminary injunction does not extend to such authorities. Because such an injunction would exceed the scope of the Court's authority to award injunctive relief, Federal Defendants respectfully ask the Court to clarify that its preliminary injunction applies only to the specific statutory authorities on which the Federal Defendants have relied or, alternatively, to modify and narrow the scope of the injunction accordingly.

[1] Federal Defendants have conferred with the other Parties to the case. Defendant AAMVA and Intervenor-Plaintiff oppose this motion. The Plaintiff States reserve their position until seeing the instant motion.

It is a bedrock principle of equitable relief that it shall "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs," and therefore "the scope of injunctive relief is dictated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979); *see also Trump v. CASA*, 606 U.S. 831, 834-35 (2025). As Federal Defendants explained in their Preliminary Injunction Opposition, other federal departments or agencies possess separate statutory authorities that may authorize those departments or agencies to seek and obtain the CDLIS data from AAMVA or other entities that may possess the sought-after information and related records. ECF No. 101 at 18-19. Those other federal entities and their statutory authorities are not at issue in this litigation, and a sweeping injunction that prohibits the operations of those separate authorities by non-party government entities is not "necessary to provide complete relief" to the Plaintiff States. *Califano*, 442 U.S. at 702. Indeed, "[t]he equitable tradition has long embraced the rule that courts generally 'may administer complete relief *between the parties*'" and only the parties. *Trump v. CASA, Inc.*, 606 U.S. 831, 851 (2025) (quoting *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488, 507 (1928)) (emphasis in original). Accordingly, an injunction against the operation of separate authorities belonging to separate federal non-party entities is impermissibly overbroad. The Court should therefore clarify that its preliminary injunction order does not enjoin non-party federal agencies acting pursuant to their independent legal authorities, for which no "violation" has been "established," to seek the information at issue here, *id*.—or else modify and narrow the injunction to a lawful scope.

For example, DHS should be able to continue to pursue the administrative warrant it issued against AAMVA that this Court has not adjudicated to be unlawful, *see Illinois v. DHS*, 1:26-mc-19 (AJT-IDD) (E.D. Va.), and so this Court's injunction should not prohibit AAMVA from responding to that subpoena. Furthermore, DHS should not be restrained from issuing and

enforcing any additional subpoenas it may determine necessary to achieve its statutory prerogatives. 18 U.S.C. § 3486. Relatedly, the federal government must be able to continue to exercise other civil and criminal investigation and enforcement authorities. For example, a federal agency with probable cause to search the CDLIS database for evidence of criminal violations must continue to be able to do so without the threat of possible contempt of this Court's order lingering over its head.

With these principles in mind, Federal Defendants respectfully request the following clarification of terms:

1. "[A]dverse actions . . . against the Plaintiff States or the AAMVA based on the failure to transfer to [Federal Defendants] the information requested in the Data Demand" do not include the exercise of other legal authorities belonging to non-party federal entities, for which no violation has been established, to obtain the CDLIS data and related records.
2. An entity is only acting "[i]n active concert or participation with" Federal Defendants if they are acting at Federal Defendants' direction, rather than based on its own independent authorities and decisionmaking processes.
3. AAMVA is only enjoined from "transferring [the data] to the Federal Defendants or any other agency" when that agency is acting in active concert or participation with Federal Defendants under the authorities at issue in this lawsuit.

//

//

Dated: September 25, 2026

Respectfully submitted,

TODD BLANCHE
United States Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3741
Fax: (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BENJAMIN T. HAYES
Senior Counsel to the Assistant Attorney General
Civil Division

NOAH T. KATZEN
Assistant Branch Director
/s/
EITAN R. SIRKOVICH
(D.C. Bar No. 90030102)
WILLIAM S. JANKOWSKI
(D.C. Bar No. 90021524)
LINDSEY GILMAN
(AZ Bar No. 034003)
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 353-5525
Eitan.r.sirkovich@usdoj.gov

*Counsel for Federal Defendants*