**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| State of Illinois, et al.,<br><br>Plaintiffs<br><br>v.<br><br>United States Department of Transportation, et al.,<br><br>Defendants. | No. 1:26-cv-2547 |

# MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS' MOTION TO CLARIFY INJUNCTION

This Court has ordered the Federal Defendants and anyone "in active concert or participation with them" not to "tak[e] any adverse actions against" the American Association of Motor Vehicles (AAMVA) "based on the failure to transfer" the master pointer records at issue in this case. ECF 113 at 16. The Court made clear that such adverse actions could include "terminating or threatening to terminate AAMVA's federal contracts or funding," as well as "any other action that could impair the operation of" the Commercial Driver's License Information System (CDLIS), which AAMVA operates, "or Plaintiff States' ability to issue commercial driver's licenses." *Id.* But recent developments have shown AAMVA that further clarity may be needed.

Every year, the Federal Motor Carrier Safety Administration (FMCSA) awards millions of dollars in grants to fund CDLIS and offer support services to state commercial driver's license programs. *See* Declaration of Wendy Sibley, Ex. 1 (Notice of Funding Opportunity). AAMVA has been receiving and relying on these grants for years. *Id.* ¶¶ 5–6. Indeed, AAMVA is often the only qualified grant applicant. *Id.* ¶ 24.

This year, AAMVA timely filed nine grant proposals seeking $12.4 million. *Id.* ¶ 7. It appears that at least some of these grants must be awarded before September 30—the end of fiscal year 2026—or the funding expires. *Id.* ¶ 8. And AAMVA usually hears whether its grants have been awarded well before then. *Id.* But as of this filing on the last day of the federal fiscal year, AAMVA has yet to receive any grant decisions. *Id.* ¶ 8. Over the past week, AAMVA has asked FMCSA when the grants might be awarded and which grants might expire, but the agency could not provide clarity. *Id.* ¶¶ 27–30. AAMVA hopes that this year's grant decisions are just slow in coming, but to protect its rights and its funding, it is filing this motion to clarify and, if necessary, enforce the preliminary injunction.

## DISCUSSION

District courts may clarify the scope of a preliminary injunction if its terms are "ambiguous or vague." *Nat'l Treasury Employees Union v. Vought*, 816 F. Supp. 3d 1, 6 (D.D.C. 2025) (citation omitted). Doing so "adds certainty to an implicated party's effort to comply with the order and provides fair warning as to what future conduct may be found contemptuous." *Id.* (citation omitted); *see, e.g.*, *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 769 F. Supp. 3d 465, 467 (D. Md. 2025) (clarifying which agencies are "enjoined parties" under injunction); *Dixon v. Edwards*, 290 F.3d 699, 709 & n.14 (4th Cir. 2001) (clarifying that an injunction's use of the phrase "on or near the grounds" of a church reached property within 300 feet of its perimeter). And if a party violates an injunction, courts have power to enforce it. *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

Here, AAMVA has submitted nine grant proposals that seek a total of around $12.4 million over the coming years:

- CDLIS CD31 Enhancements (1 year, $410,000)
- CDLIS State Reports Analysis and Technical Assistance (2 years, $353,000)
- CDLIS File Exchange Portal (1 year, $104,000)
- CDLIS In-Person Jurisdictional Training (1 year, $162,000)

- CDLIS Enhancements to Conviction/Withdrawal Reporting (3 years, $1,500,000)
- CDL IT Coordinators Meeting (3 years, $3,200,000)
- CDL Train the Trainer and Audit Program (3 years, $1,700,000)
- DTET Subcommittee Support (4 years, $626,000)
- CSTIMS (1 year, $4,400,000)

Sibley Decl. ¶ 7. These proposals support services that AAMVA has provided for years, including CDLIS upgrades, IT services, and coordination among state agencies. *Id.* ¶ 5–7.

1. The first five grant proposals directly fund CDLIS improvements and services, which only AAMVA, as CDLIS operator, can provide. As AAMVA sees it, denying funding for these items would violate the Court's preliminary injunction by "impair[ing] the operation of CDLIS." ECF No. 113, at 16.

*CD31 Enhancements.* CD31 is a data validation process used to identify and correct inaccurate or broken master pointer records. Sibley Decl. ¶ 11. Because states with many commercial drivers can face long delays obtaining results through CDLIS, making improvements to CD31 is an ongoing priority. *Id.* This proposal, which has been funded since 2017, pays for those improvements. *Id.* ¶¶ 11–12. If it were not approved, AAMVA would be unable to complete much-needed improvements to CD31's processing speed. *Id.* ¶ 12. High-volume states would continue to face multi-day delays in receiving results and correcting inaccuracies in the system. *Id.* Those delays could hinder reporting of convictions or withdrawals and reduce CDLIS's effectiveness in catching fraudulent CDL registrations. *Id.*

*State Reports Analysis and Technical Assistance*. CDLIS reports are a vital tool used by states to ensure they remain compliant with federal standards. *See* 49 C.F.R. §§ 384.208, 384.209, 384.225, 384.307. AAMVA is seeking the same grant it has received since 2012 to fund upgrades to CDLIS's reporting system and allow AAMVA to more effectively offer dedicated technical support for states that use it. Sibley Decl. ¶ 13. If this grant were not awarded, states would not receive updates to CDLIS reports or analytical support, causing those reports to remain stagnant even as the states' needs and the legal landscape evolve. *Id.* As a result, the

risk would increase that states miss disqualification or conviction notices and fall out of compliance with their regulatory obligations. *Id.*

*File Exchange Portal*. The CDLIS file exchange portal is a fallback system that allows states to exchange information when the ordinary data transmission path fails. *Id.* ¶ 14. This grant, which has been funded since 2024, enables AAMVA to maintain that portal and implement technical changes as needed in the coming year. *Id.* If it were not funded, the operation and maintenance of the file exchange portal would grind to a halt, depriving states of an important backup resource. *Id.* Many states would likely be forced to rely on email or the U.S. Postal Service for backup reporting purposes. *Id.* Those systems have no audit trail and are slower in notifying states, heightening the risk that disqualified or convicted drivers can operate undetected. *Id.*

*In-Person Jurisdictional Training.* AAMVA has submitted a new grant proposal to offer direct, in-person training on CDLIS requirements to state licensing authorities and their staff. *Id.* ¶ 15. This training will address well-known, recurring data quality and compliance issues, such as unposted convictions, incorrect court identifiers, and misrouted transactions. *Id.* If funding for this grant were denied, that training would not be provided, meaning that state officials would be less likely to flag unsafe drivers and timely address compliance errors. *Id.*

*Enhancements to Conviction / Withdrawal Reporting.* AAMVA has also submitted a new proposal to upgrade CDLIS's handling of foreign commercial drivers' information. *Id.* ¶ 16. These funds would enable electronic reporting of convictions and withdrawals for all foreign commercial drivers and the removal of Social Security number and sex fields from master pointer records to comply with federal data-minimization laws. *Id.* If these funds were not awarded, foreign commercial drivers' convictions and withdrawals would remain outside the CDLIS workflows, slowing reporting of such incidents to the Federal Conviction and Withdrawal Database. *Id.*

2. AAMVA's other four grant proposals fund services that AAMVA provides to states, state agencies, and third parties participating in the federal commercial driver's license

program. *Id.* ¶ 17. In light of FMCSA's warning that it would "pursue all available options to secure production" of the master pointer records, "including canceling AAMVA's grants," ECF 1-2 at 21, it appears to AAMVA that denying these grant proposals would be an "adverse action" that "terminate[s] AAMVA's federal … funding." ECF No. 113 at 16.

*CDL IT Coordinators Meeting*. AAMVA hosts an annual national conference that brings together commercial driver's license coordinators, examiners, court liaisons, and information technology staff. Sibley Decl. ¶ 18. This conference, funded by grant since 2010, is the primary national forum where jurisdictions receive federal policy updates and coordinate administration of the CDL program. *Id.* Losing funding for the conference would eliminate the main venue that is used for keeping all 51 primary jurisdictions aligned on regulatory changes and would weaken the jurisdictional collaboration that harmonizes commercial driver's license priorities nationwide. *Id.* ¶ 19.

*CDL Train the Trainer and Audit Program*. Since 2011, federal funds have enabled AAMVA to host three training events to certify commercial driver's license compliance trainers and auditors. *Id.* ¶ 20. These programs are critical to maintaining a robust pipeline of such trainers and auditors, especially in states with high volumes of commercial drivers, many of which are already facing a personnel shortage. *Id.* If this funding were denied, the programs could not go forward. *Id.* The shortage of certified testers and auditors would worsen, reducing jurisdictions' ability to detect fraud, irregularity, and other compliance issues. *Id.*

*DTET Subcommittee Support*. Since 2009, AAMVA has supported the Driver Testing and Examiner Training Subcommittee by maintaining the testing system and its manuals, and by staffing 12 monthly virtual meetings and one in-person meeting. *Id.* ¶ 21. If the grant funding for this program were lost, AAMVA could no longer support the testing subcommittee or its meetings. *Id.* The testing system and support manuals would fall out of date, and many jurisdictions' commercial driver's license testing systems would fall out of alignment. *Id.*

*Commercial Skills Test Information Management System (CSTIMS)*. Since 2011, FMCSA has funded AAMVA's development of a cloud-based system used by states and third-party testers

to manage commercial driver's license testing and prevent fraud. *Id.* ¶ 22. This grant would fund enhancements that AAMVA intends to implement next year, including stronger test-result validation and access controls; an AI fraud-pattern research pilot; system integration; and native mobile apps for examiners. *Id.* If this funding were denied, AAMVA would not be able to support the operation and maintenance of the CSTIMS platform or implement planned fraud-detection and access-control upgrades. *Id.* ¶ 23. In turn, commercial driver's license skills testing would be left more vulnerable to fraud and manipulation. *Id.*

* * *

Every grant proposal highlighted in this motion is important to the integrity of the commercial driver's licensing system. *Id.* ¶ 24. If these services were defunded, that system would start to break down. *Id.* ¶¶ 24–26. AAMVA still hopes that it will receive these grants in the normal course, in which case it would withdraw this motion. If it does not receive them, it asks the Court to clarify the scope of the preliminary injunction and prevent FMCSA from violating it.

## CONCLUSION

The Court should clarify that the preliminary injunction in this case precludes FMCSA from denying AAMVA funding for the nine highlighted grant proposals and, if necessary, enforce the injunction.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Jay C. Johnson*
Jay C. Johnson, VSB 47009
Scott Sheffler, pro hac vice
Emma Blaser, pro hac vice
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Defendant
American Association of
Motor Vehicle Administrators

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this case.

*/s Jay C. Johnson*
Jay C. Johnson, VSB 47009
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000