**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| State of Illinois, et al.,<br><br>Plaintiffs<br><br>v.<br><br>United States Department of Transportation, et al.,<br><br>Defendants. | No. 1:26-cv-2547 |

## ANSWER OF DEFENDANT AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS

Defendant American Association of Motor Vehicle Administrators (AAMVA) answers Plaintiffs' Amended Complaint as follows.

## INTRODUCTION[1]

1. AAMVA admits that the Federal Motor Carrier Safety Administration (FMCSA) has demanded that it turn over all master pointer records in the Commercial Driver License Information System (CDLIS) or face termination of its federal contracts and funding. AAMVA also admits that the Department of Homeland Security (DHS) has issued an administrative subpoena demanding the same.

2. AAMVA admits that CDLIS will not continue to properly function if the FMCSA terminates AAMVA's federal contracts, cooperative agreements, and grant agreements. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

[1] For ease of reference, AAMVA's Answer is organized according to the headings in the Complaint. To the extent those headings can be construed to contain factual allegations, AAMVA denies those allegations.

3. AAMVA lacks sufficient information to form a belief about the truth of the allegations in Paragraph 3.

4. AAMVA admits that on August 10, it informed the Plaintiff States that it would not share the data demanded by FMCSA on or before August 17. Since the filing of the Complaint, this Court preliminarily enjoined FMCSA's demand and AAMVA has not shared the data demanded by FMCSA or DHS. AAMVA lacks sufficient information to form a belief about the truth of any remaining assertions in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required.

6. AAMVA denies that it has breached or intends to breach its contract with any State. The terms of those contracts speak for themselves. The rest of Paragraph 6 contains legal conclusions to which no response is required.

7. Paragraph 7 contains legal conclusions to which no response is required.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, AAMVA denies that this Court has subject matter jurisdiction over the breach of contract claim alleged against AAMVA.

10. Paragraph 10 contains legal conclusions to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required.

## PARTIES

### A. Plaintiffs

12. AAMVA admits the allegations contained in Paragraph 12.

13. AAMVA admits the allegations contained in Paragraph 13.

14. AAMVA admits the allegations contained in Paragraph 14.

15. AAMVA admits the allegations contained in Paragraph 15.

16. AAMVA admits the allegations contained in Paragraph 16.

17. AAMVA admits the allegations contained in Paragraph 17.

18. AAMVA admits the allegations contained in Paragraph 18.

19. AAMVA admits the allegations contained in Paragraph 19.

20. AAMVA admits the allegations contained in Paragraph 20.

21. AAMVA admits the allegations contained in Paragraph 21.

22. AAMVA admits the allegations contained in Paragraph 22.

23. AAMVA admits the allegations contained in Paragraph 23.

24. AAMVA admits the allegations contained in Paragraph 24.

25. AAMVA admits the allegations contained in Paragraph 25.

26. AAMVA admits the allegations contained in Paragraph 26.

27. AAMVA admits the allegations contained in Paragraph 27.

28. AAMVA admits the allegations contained in Paragraph 28.

29. AAMVA admits the allegations contained in Paragraph 29.

30. AAMVA admits the allegations contained in Paragraph 30.

31. AAMVA admits the allegations contained in Paragraph 31.

32. AAMVA admits the allegations contained in Paragraph 32.

33. AAMVA admits the allegations contained in Paragraph 33.

34. AAMVA admits the allegations contained in Paragraph 34.

35. AAMVA admits the allegations contained in Paragraph 35.

36. AAMVA admits the allegations contained in Paragraph 36.

**B. Defendants.**

37. AAMVA admits that the Department of Transportation (DOT) is an executive branch department, that FMCSA is its sub-agency, and that FMCSA has responsibility within DOT for CDLIS. AAMVA denies any remaining allegations contained in Paragraph 37.

38. AAMVA admits the allegations contained in Paragraph 38.

39. AAMVA admits that FMCSA is an agency of DOT and that FMCSA has responsibility within DOT for CDLIS. AAMVA denies any remaining allegations contained in Paragraph 39.

40. AAMVA admits the allegations contained in Paragraph 40.

41. Paragraph 41 contains no factual allegations warranting a response.

42. AAMVA admits that it is a Virginia-based nonprofit that, among many other things, develops model programs in motor vehicle administration, law enforcement, and safety. AAMVA also admits that CDLIS is an AAMVA-operated nationwide data clearinghouse that helps prevent duplicate licenses, manage and exchange driver records, and avoid licensure of unsafe drivers.

43. AAMVA admits that as the authorized operator of CDLIS, it possesses the master pointer records at issue in this action. AAMVA also admits that it has not moved to quash the DHS subpoena demanding disclosure of those records. AAMVA denies any remaining factual allegations in this paragraph.

44. AAMVA admits the allegations contained in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required.

## ALLEGATIONS

### A. State Responsibility for Driver Licensing

46. AAMVA admits that states issue drivers' licenses.

47. AAMVA admits that states are responsible for issuing both personal and commercial drivers' licenses.

48. AAMVA admits that Plaintiff States use various procedures to carry out their drivers' licensing programs. AAMVA lacks sufficient information to form a belief about the truth of the remaining allegations in Paragraph 48.

49. AAMVA admits that Plaintiff States maintain driver history records for their licensed drivers. AAMVA lacks sufficient information to form a belief about whether such procedures have been followed by plaintiff States for every driver record.

50. AAMVA admits that the states issue drivers licenses and that the federal government does not perform drivers' licensing. AAMVA lacks sufficient information to form a belief about the truth of the remaining allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent this paragraph references state statutes, the text of those statutes speaks for itself.

53. AAMVA lacks sufficient information to form a belief about the truth of the allegations in Paragraph 53.

54. AAMVA admits that it is important for States to have some means of accessing driver history information from other States and that CDLIS is designed to prevent drivers from seeking licenses from multiple jurisdictions at once or from moving to a new jurisdiction to avert a license suspension or disqualification by obtaining a new CDL. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in Paragraph 54.

55. AAMVA admits that Plaintiff States have used CDLIS for almost forty years to effectively share and exchange driver information without compromising privacy. AAMVA also admits that the Plaintiff States own their driver records. The remaining allegations in Paragraph 55 contain legal conclusions to which no response is required.

**B. The Commercial Driver's License Information System**

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent this paragraph quotes from legal authorities, including Senate Reports and session laws, those documents speak for themselves.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent this paragraph quotes from federal statutes, those documents speak for themselves.

58. AAMVA admits that it is a private nonprofit, that it has been the authorized operator for CDLIS since 1988, and that it is a trade association for state motor vehicle administrators in 50 States, the District of Columbia, U.S. territories, Canadian provinces, and Canadian territories.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent this paragraph quotes from federal regulations and agency guidance manuals, those documents speak for themselves.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent this paragraph quotes from federal statutes, those documents speak for themselves.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent this paragraph quotes from federal statutes, those documents speak for themselves.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent this paragraph quotes from federal statutes, those documents speak for themselves.

63. AAMVA admits that CDLIS is a platform for States to exchange information on their licensed commercial drivers, and that States can query CDLIS to obtain CDL data from other jurisdictions. AAMVA also admits that its role is to maintain and operate the CDLIS clearinghouse and depository. The remainder of Paragraph 63 contains legal conclusions to which no response is required.

64. AAMVA admits that the States own the driver record information CDLIS contains and that AAMVA has administered CDLIS with such understanding. AAMVA lacks sufficient information to form a belief about the remaining allegations in Paragraph 64.

65. Paragraph 65 describes the contents of a DOT 2022 Privacy Impact Assessment, the text of which speaks for itself.

66. Paragraph 66 alleges the contents of DOT's CDLIS account application forms, the text of which speaks for itself.

67. AAMVA admits that all information stored in CDLIS is contributed by the States and that only the States may add, delete, or alter CDLIS records they have contributed. Paragraph 67 also references the CDLIS State Procedures Manual d.2, the text of which speaks for itself.

68. AAMVA admits that CDLIS' master pointer records are not full driver history records, and that full driver history records remain in the custody of each State. The remainder Paragraph 68 states legal conclusions to which no response is required.

69. AAMVA admits that the master pointer records contain the information described in Paragraph 69, and that their function is to "point" searchers to the State that can provide more complete information on a driver's history.

70. AAMVA admits that CDLIS can be used as described in Paragraph 70.

71. AAMVA admits that CDLIS has fulfilled its intended purpose for almost forty years.

72. AAMVA admits that many states query the CDLIS database hundreds of times a day, including before issuing non-commercial drivers' licenses. AAMVA lacks sufficient knowledge to form a belief about the truth of the remaining allegations in Paragraph 72.

73. Paragraph 73 discusses the reasons Plaintiff States rely on CDLIS, and AAMVA lacks sufficient knowledge to form a belief about the truth of those allegations. The allegation that certain states have laws requiring their licensing agencies to use CDLIS is a legal conclusion for which no response is required.

### C. The Driver's Privacy Protection Act

74. Paragraph 74 states legal conclusions for which no response is required.

75. Paragraph 75 states legal conclusions for which no response is required.

76. Paragraph 76 states legal conclusions for which no response is required.

77. Paragraph 77 states legal conclusions for which no response is required.

78. Paragraph 78 states legal conclusions for which no response is required.

### D. The Privacy Act

79. Paragraph 79 states legal conclusions for which no response is required.

80. Paragraph 80 states legal conclusions for which no response is required.

81. Paragraph 81 states legal conclusions for which no response is required.

82. Paragraph 82 states legal conclusions for which no response is required.

**E. FMCSA's Demand for CDLIS Data**

83. AAMVA admits that FMCSA demanded CDLIS data going back five years and including more than 17 million pointer records; that FMCSA had never before demanded that AAMVA turn over any portion of the master pointer records; that FMCSA asked AAMVA to offer the date on which any social security number was removed from a master pointer record, which AAMVA does not store in the ordinary course.

84. AAMVA admits that FMCSA has the ability to query CDLIS and that CDLIS is not programmed to support blanket queries, such as to pull all drivers with the last name "Smith," or to output its entire corpus of records. AAMVA lacks sufficient knowledge to form a belief about the truth of the remaining allegations in Paragraph 84.

85. AAMVA admits that the communications alleged in Paragraph 85 occurred. The content of those communications speaks for itself.

86. AAMVA admits that the communications alleged in Paragraph 86 occurred. The content of those communications speaks for itself.

87. AAMVA admits that the communications alleged in Paragraph 87 occurred. The content of those communications speaks for itself. To the extent Paragraph 87 states legal conclusions, no response is required.

88. AAMVA admits that the communications alleged in Paragraph 88 occurred. The content of those communications speaks for itself.

89. AAMVA admits that the communications alleged in Paragraph 89 occurred. The content of those communications speaks for itself.

90. AAMVA admits that the communications alleged in Paragraph 90 occurred. The content of those communications speaks for itself.

91. AAMVA admits that it met with FMCSA officials on July 23, 2026. AAMVA further admits that FMCSA concluded the meeting by threatening to sue AAMVA and terminate all

of its federal grants and contracts if AAMVA did not respond to the demand by the following day.

92. AAMVA admits that the communications alleged in Paragraph 92 occurred. The content of those communications speaks for itself. To the extent Paragraph 92 states legal conclusions, no response is required.

93. AAMVA admits that the communications alleged in Paragraph 93 occurred. The content of those communications speaks for itself. AAMVA admits that no SORNs have been provided.

94. AAMVA admits that the communications alleged in Paragraph 94 occurred. The content of those communications speaks for itself.

95. AAMVA admits that the communications alleged in Paragraph 95 occurred. The content of those communications speaks for itself.

96. AAMVA admits that the communications alleged in Paragraph 96 occurred. The content of those communications speaks for itself.

97. AAMVA admits that the communications alleged in Paragraph 97 occurred. The content of those communications speaks for itself.

98. AAMVA admits that the communications alleged in Paragraph 98 occurred. The content of those communications speaks for itself.

99. AAMVA admits that the communications alleged in Paragraph 99 occurred. The content of those communications speaks for itself. To the extent Paragraph 99 states legal conclusions, no response is required.

100. AAMVA admits that the communications alleged in Paragraph 100 occurred. The content of those communications speaks for itself.

101. AAMVA admits that the communications alleged in Paragraph 101 occurred. The content of those communications speaks for itself.

102. AAMVA admits that DHS served a subpoena upon AAMVA on July 28, 2026.

103. Paragraph 103 describes a DHS subpoena. The content of that subpoena speaks for itself. To the extent Paragraph 103 states legal conclusions, no response is required.

104. AAMVA admits that the communications alleged in Paragraph 104 occurred. The content of those communications speaks for itself.

105. AAMVA admits that the communications alleged in Paragraph 105 occurred. The content of those communications speaks for itself.

106. AAMVA admits that the communications alleged in Paragraph 106 occurred. The content of those communications speaks for itself.

107. AAMVA admits that the communications alleged in Paragraph 107 occurred. The content of those communications speaks for itself.

108. AAMVA admits that DHS served a second subpoena upon AAMVA on August 11, 2026. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in Paragraph 108.

109. Paragraph 109 describes a DHS subpoena. The content of that subpoena speaks for itself.

110. Paragraph 110 describes a DHS subpoena. The content of that subpoena speaks for itself.

111. AAMVA admits that the communications alleged in Paragraph 111 occurred. The content of those communications speaks for itself.

112. AAMVA admits that the communications alleged in Paragraph 112 occurred. The content of those communications speaks for itself.

113. AAMVA admits that on August 12, 2026, it informed the Plaintiff States that it would not produce the master pointer records by August 17.

**F. AAMVA's Contracts with Plaintiff States**

114. AAMVA admits CDLIS stores driver data that is collected, maintained, and owned by the States, and that it has contracted with each State. AAMVA denies any remaining allegations in Paragraph 114.

115. Paragraph 115 references AAMVA's contracts with the States. The content of each of those contracts speaks for itself. AAMVA denies that it has violated any of those contracts. AAMVA lacks sufficient information to form a belief about the truth of the remaining allegations in Paragraph 115.

116. AAMVA admits that Illinois, California, Maine, and D.C. have entered into contracts with AAMVA. The content of those contracts speaks for itself. To the extent Paragraph 116 states legal conclusions, no response is required.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

120. AAMVA admits that California, Illinois, Maine, and the District of Columbia have not consented to the disclosure of master pointer records in response to FMCSA's demand. The remainder of Paragraph 120 states legal conclusions to which no response is required. To the extent Paragraph 120 recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

121. Paragraph 121 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with the Plaintiff States, those documents speak for themselves.

122. Paragraph 122 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

123. AAMVA denies that it violated Illinois Data Security Standards. Paragraph 123 also states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

124. AAMVA denies that it has a plan to disclose CDLIS data. AAMVA further denies that it failed to provide any required notice. Paragraph 124 also states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

125. Paragraph 125 states legal conclusions to which no response is required. To the extent this paragraph recites the contents of AAMVA's contracts with Plaintiff States, those documents speak for themselves.

126. Paragraph 126 states legal conclusions to which no response is required.

127. Paragraph 127 states legal conclusions to which no response is required.

**G. FMCSA's Data Demand Harms Plaintiff States**

128. AAMVA admits that FMCSA has demanded that AAMVA turn over CDLIS master pointer records. AAMVA also admits that the termination of its federal funding would threaten CDLIS' continued operation. AAMVA lacks sufficient information to form a belief about the truth of any remaining factual assertions in Paragraph 128.

129. To the extent Paragraph 129 describes CDLIS, the Problem Driver Pointer System (PDPS), and the manner in which those systems are used by states generally, AAMVA admits those allegations. To the extent Paragraph 129 discusses the specifics of the Plaintiff States' reliance on CDLIS and PDPS, AAMVA lacks sufficient information to form a belief about the truth of those assertions.

130. AAMVA admits that the termination of its federal funding would threaten AAMVA's continued provision of services, including CDLIS.

131. AAMVA admits that a CDLIS shutdown could jeopardize the States' ability to issue CDLs and restrict their ability to monitor commercial drivers. AAMVA lacks sufficient information to form a belief about the truth of any remaining assertions Paragraph 131.

132. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 132.

133. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 133. To the extent that this paragraph also states legal conclusions, no response is required.

134. AAMVA admits that data contained in CDLIS belongs to the States, and that the States maintain, populate, update, amend, and correct their CDLIS records.

135. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 135.

136. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 136.

137. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 137.

138. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 138.

139. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 139.

**FIRST CAUSE OF ACTION**

140. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

141. Paragraph 141 states legal conclusions to which no response is required.

142. Paragraph 142 states legal conclusions to which no response is required.

143. Paragraph 143 states legal conclusions to which no response is required.

144. AAMVA admits that FMCSA has told AAMVA that AAMVA will lose federal funding if it does not disclose all master pointer records. The rest of Paragraph 144 states legal conclusions to which no response is required.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent that this paragraph alleges, as a factual matter, that FMCSA did not consult the States before seeking the master pointer records, AAMVA lacks sufficient information to form a belief about the truth of that assertion.

146. Paragraph 146 states legal conclusions to which no response is required.

147. Paragraph 147 asserts that FMCSA and its federal codefendants did not confer with the States or notify them either before or after issuing its demand. AAMVA lacks sufficient information to form a belief about the truth of these assertions.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent that this paragraph alleges, as a factual matter, that FMCSA did not consult the States before seeking the master pointer records, AAMVA lacks sufficient information to form a belief about the truth of that assertion.

149. AAMVA lacks sufficient information to form a belief about the truth of the assertions in Paragraph 149. To the extent that this paragraph references AAMVA's contracts with the States or the communications between AAMVA and FMCSA, those documents speak for themselves.

150. Paragraph 150 states legal conclusions to which no response is required.

151. Paragraph 151 states legal conclusions to which no response is required.

**SECOND CAUSE OF ACTION**

152. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

153. Paragraph 153 states legal conclusions to which no response is required.

154. Paragraph 154 states legal conclusions to which no response is required.

155. Paragraph 155 states legal conclusions to which no response is required. To the extent Paragraph 155 asserts, as a factual matter, that master pointer records contain social security numbers and other personal information, AAMVA admits this allegation.

156. Paragraph 156 states legal conclusions to which no response is required. To the extent this paragraph alleges contents of communications between FMCSA and AAMVA, those communications speak for themselves.

157. Paragraph 157 states legal conclusions to which no response is required. To the extent this paragraph alleges contents of communications between FMCSA and AAMVA, those communications speak for themselves.

158. Paragraph 158 states legal conclusions to which no response is required. To the extent this paragraph alleges contents of communications between FMCSA and AAMVA, those communications speak for themselves.

159. Paragraph 159 states legal conclusions to which no response is required. To the extent this paragraph alleges contents of communications between FMCSA and AAMVA, those communications speak for themselves.

160. Paragraph 160 states legal conclusions to which no response is required.

161. Paragraph 161 states legal conclusions to which no response is required.

**THIRD CAUSE OF ACTION**

162. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

163. Paragraph 163 states legal conclusions to which no response is required.

164. Paragraph 164 states legal conclusions to which no response is required.

165. Paragraph 165 states legal conclusions to which no response is required.

166. Paragraph 166 states legal conclusions to which no response is required.

167. Paragraph 167 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

168. Paragraph 168 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

169. Paragraph 169 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

170. Paragraph 170 states legal conclusions to which no response is required. To the extent this paragraph alleges FMCSA has already collected master pointer records from AAMVA, AAMVA denies that allegation.

171. Paragraph 171 states legal conclusions to which no response is required.

172. Paragraph 172 states legal conclusions to which no response is required.

173. Paragraph 173 states legal conclusions to which no response is required.

**FOURTH CAUSE OF ACTION**

174. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

175. Paragraph 175 states legal conclusions to which no response is required.

176. Paragraph 176 states legal conclusions to which no response is required.

177. Paragraph 177 states legal conclusions to which no response is required. To the extent this paragraph references the contents a statute, the language of that statute speaks for itself.

178. Paragraph 178 states legal conclusions to which no response is required. To the extent this paragraph references the contents of a statute, the language of that statute speaks for itself. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

179. Paragraph 179 states legal conclusions to which no response is required.

180. Paragraph 180 states legal conclusions to which no response is required.

**FIFTH CAUSE OF ACTION**

181. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

182. Paragraph 182 states legal conclusions to which no response is required.

183. Paragraph 183 states legal conclusions to which no response is required.

184. Paragraph 184 states legal conclusions to which no response is required.

185. Paragraph 185 states legal conclusions to which no response is required. To the extent this paragraph references policy documents and agency pronouncements, those documents and pronouncements speak for themselves. AAMVA admits that FMCSA's request for master pointer records was unprecedented. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

186. Paragraph 186 appears to reference the contents of communications between AAMVA and FMCSA. Those communications speak for themselves.

187. Paragraph 187 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

188. Paragraph 188 states legal conclusions to which no response is required.

189. Paragraph 189 states legal conclusions to which no response is required. To the extent Paragraph 189 references the contents of communications between AAMVA and FMCSA, those communications speak for themselves. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

190. Paragraph 190 states legal conclusions to which no response is required. To the extent Paragraph 190 references the contents of communications between AAMVA and FMCSA, those communications speak for themselves. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

191. Paragraph 191 states legal conclusions to which no response is required. To the extent Paragraph 191 references the contents of communications between AAMVA and FMCSA, those communications speak for themselves. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

192. Paragraph 192 states legal conclusions to which no response is required.

193. Paragraph 193 states legal conclusions to which no response is required.

## SIXTH CAUSE OF ACTION

194. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

195. Paragraph 195 states legal conclusions to which no response is required.

196. Paragraph 196 states legal conclusions to which no response is required.

197. Paragraph 197 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

198. Paragraph 198 states legal conclusions to which no response is required. AAMVA lacks sufficient information to form a belief about the truth of any remaining allegations in this paragraph.

199. AAMVA lacks sufficient information to form a belief about the truth of the assertions contained in Paragraph 199.

200. Paragraph 200 states legal conclusions to which no response is required.

201. Paragraph 201 states legal conclusions to which no response is required.

## SEVENTH CAUSE OF ACTION

202. AAMVA hereby realleges and reincorporates its responses to all preceding paragraphs.

203. AAMVA admits that it has entered contracts related to CDLIS with Illinois, California, Maine, and the District of Columbia. The remaining allegations in this paragraph are either legal conclusions to which no response is required or factual allegations that AAMVA lacks sufficient information to form a belief about the truth of.

204. Paragraph 204 states legal conclusions to which no response is required.

205. To the extent Paragraph 205 references the contents of AAMVA's contracts with the Plaintiff States, those documents speak for themselves. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

206. To the extent Paragraph 206 references the contents of AAMVA's contracts with the Plaintiff States, those documents speak for themselves. AAMVA admits that neither Illinois

nor California has given it permission to disclose master pointer records to FMCSA. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

207. To the extent Paragraph 207 references the contents of AAMVA's contracts with the Plaintiff States, those documents speak for themselves. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

208. Paragraph 208 states legal conclusions to which no response is required.

209. AAMVA denies each and every allegation of the Amended Complaint not expressly admitted herein.

**PRAYER FOR RELIEF**

This section of the Amended Complaint contains the prayer for relief, to which no response is required. To the extent a response is required, AAMVA denies that Plaintiffs are entitled to any relief on their breach of contract claims, which are the only claims asserted against AAMVA.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's breach of contract claim against AAMVA is not ripe.
2. Plaintiff's breach of contract claim is barred by derivative sovereign immunity.
3. If the injunction against the data demand is lifted, AAMVA's performance of its contractual nondisclosure provisions would be discharged by illegality.
4. AAMVA reserves its right to assert additional affirmative defenses as appropriate during the course of this litigation.

WHEREFORE, Defendant American Association of Motor Vehicle Administrators respectfully denies that the Plaintiff States are entitled to any relief against AAMVA and asks that judgment be entered in AAMVA's favor as to Plaintiffs' Seventh Cause of Action. AAMVA takes no position on Plaintiff States' claims against the federal defendants.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Jay C. Johnson*
Jay C. Johnson, VSB 47009
Scott Sheffler, pro hac vice
Emma Blaser, pro hac vice
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Defendant
American Association of
Motor Vehicle Administrators

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this case.

*<u>/s/ Jay C. Johnson</u>*
Jay C. Johnson, VSB 47009
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000