**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| State of Illinois, et al.,<br><br>Plaintiffs<br><br>v.<br><br>United States Department of Transportation, et al.,<br><br>Defendants. | No. 1:26-cv-2547 |

**DEFENDANT AMERICAN ASSOCIATION OF MOTOR VEHICLE ADMINISTRATORS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL**

AAMVA opposes any stay of this Court's preliminary injunction pending appeal. AAMVA's position continues to be that the status quo should be preserved until there is a final ruling on the legality of the Federal Defendants' request for the CDLIS master pointer records. The Court's preliminary injunction accomplishes that goal.

## DISCUSSION

This Court enjoined the Federal Defendants' effort to acquire the CDLIS master pointer records to prevent "irreversible disruption[s]" to CDLIS and to the larger commercial driver's license program. ECF 113 at 13–14. Granting the Federal Defendants' stay motion would unravel that injunction. To win such sweeping relief, the Federal Defendants must (1) make "a strong showing" that they are "likely to succeed on the merits" of the appeal; (2) show that they would be "irreparably injured absent a stay"; (3) show that "other parties interested in the proceeding" would not be "substantially injured"; and (4) show that the "public interest" favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). The first two of these four showings "are the most critical." *Id.*

1. From AAMVA's perspective, the Federal Defendants' demand for the master pointer records was a final agency action. DOT's August 11, 2026 letter orders AAMVA to surrender the master pointer records by August 17, 2026, or face "immediate" penalties. This ultimatum was, as far as AAMVA could see, DOT's "last word on the matter." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001). The same letter outlined clear consequences for AAMVA's noncompliance, including the loss of its federal funding—a penalty that the Sixth Circuit has called "severe." *State of Tennessee v. Dep't of Educ.*, 104 F.4th 577, 599–600 (6th Cir. 2024). Because such comply-or-else demands have "a powerful coercive effect," they qualify as final actions before they have been enforced. *Brake Plus NWA, Inc. v. U.S. Dep't of Transp.*, 176 F.4th 1037, 1042–44 (8th Cir. 2026) (holding letter signed by agency's Acting Chief Counsel was a final action where letter ordered distributor to produce customer list or face "civil penalties of up to $26,315 per day or other enforcement actions").

As this Court has already held, the Fourth Circuit's decision in *Jake's Fireworks* does not apply here. ECF 113 at 6–7. There, a local compliance office of the Consumer Product Safety Commission sent a fireworks seller notices stating that some of its products contained hazardous substances and "request[ing]" their destruction. *Jake's Fireworks, Inc. v. U.S. Consumer Prods. Safety Comm'n*, 105 F.4th 627, 630 (4th Cir. 2024). The Fourth Circuit held that these notices were not final because they were issued by "a subordinate official" who could not bind the agency, rather than "the Commission itself," *id.* at 631, and they were worded as a staff "request," not a binding agency "command," *id.* at 633.

By contrast, DOT's August 11, 2026 letter contains an ultimatum and a command. It asserts that DOT has "no choice but to take immediate action to secure" the master pointer records, and warns that if AAMVA does not "provide[] DOT with the requested records by August 17, DOT will pursue all available options … including cancelling AAMVA's grants" and "considering terminating its contract with AAMVA." ECF 1-2 at 81. The letter was signed by FMCSA's Chief Counsel. *Id.* at 82. Especially in the context of the other letters that FMCSA had already sent, and AAMVA's in-person meeting with the FCSA Chief Counsel,

DOT's General Counsel, and a representative of the Department of Justice, *id.* at 71–72, AAMVA could only see the August 11 letter as a final action.

2. The Federal Defendants' discussion of irreparable harm and the public interest overlooks the part of the injunction that stops FMCSA from retaliating against AAMVA by cutting its federal funds. AAMVA uses those funds to operate CDLIS, which is the foundation of every State's commercial driver's licensing program and plays a role in many States' personal driver's licensing programs. ECF 46 at 10–11; *see* ECF 113 at 14. If the injunction were stayed, the Federal Defendants would be free to carry out the threats in their August 11 letter, creating "serious practical consequences for the commercial driver's licensing system." ECF 23-1 ¶ 25; *see* ECF 46 at 10-11; ECF 100 at 2 (each discussing these harms). These concerns alone are reason enough to keep the status quo in place. Otherwise, AAMVA would be back in the untenable position of choosing between the conflicting demands of its State members and its long-time federal safety partner.

## CONCLUSION

This Court should deny the Federal Defendants' motion to stay this Court's preliminary injunction pending appeal.

Dated: October 22, 2026

Respectfully submitted,

*/s/ Jay C. Johnson*
Jay C. Johnson, VSB 47009
Scott Sheffler, pro hac vice
Emma Blaser, pro hac vice
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice
VENABLE LLP

750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Defendant
American Association of
Motor Vehicle Administrators

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this case.

*<u>/s/ Jay C. Johnson</u>*
Jay C. Johnson, VSB 47009
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000