IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-cv-2547 (AJT-IDD) |

**ORDER**

On October 8, 2026, Defendants the Federal Motor Carrier Safety Administration (FMCSA) and the Department of Transportation (DOT) (the "Federal Defendants") filed a Notice of Appeal, [Doc. No. 134], with respect to the Court's Preliminary Injunction Order issued on September 17, 2026, [Doc. No. 113], together with their pending Motion to Stay the Court's Preliminary Injunction Pending Appeal (the "Motion to Stay"). [Doc. Nos. 135].

In substance, the Preliminary Injunction Order preserves the status quo that has been in effect for nearly forty years pending a final resolution concerning the Federal Defendants' demand that the American Association of Motor Vehicle Administrators (the "AAMVA") turn over to them 17 million files containing highly sensitive personal identifying information, including social security numbers, collected by and provided to it by the states for the purpose of sharing among themselves information to be used in connection with their issuance of commercial driver's licenses ("CDL"), referred to as the "Data Demand." By seeking a stay of the Court's Preliminary Injunction Order, which enjoins AAMVA from complying with the Federal Defendants' Data Demand and the Federal Defendants and other federal agencies from imposing threatened sanctions for AAMVA's non-compliance with the Data Demand, the Federal Defendants seek, in

effect, the ability during its appeal to continue pressing its Data Demand and to impose for AAMVA's non-compliance the threatened sanctions and adverse consequences that would undermine, if not cripple, AAMVA's ability to function and discharge the public safety purposes for which it was created.[1]

Based on the current record, the Court has considered the factors that a movant must satisfy to obtain a stay pending appeal, and in particular a stay of a preliminary injunction order, as well as the parties' arguments in support thereof and in opposition thereto,[2] and conclude that none of the applicable factors weigh in their favor, and for those reasons, it is hereby

**ORDERED** that the Federal Defendants' Motion to Stay, [Doc. No. 136], be, and the same hereby is, **DENIED**; and it is further

---

[1] As the Court summarized in its temporary restraining order [Doc. No. 54] at 3–4:

> In 1986, Congress determined that the absence of an efficient means for States to share information about CDL holders had led to "the practice of multiple license use by commercial drivers," which allowed them to "spread their traffic violations over a number of licenses, and maintain a 'good driver' rating regardless of the number of violations." S. Rep. No. 99-570, at 3 (1986). To remedy this problem, Congress enacted the CMVSA, in which it directed the Secretary of Transportation to "maintain an information system," known as the Commercial Driver's License Information System ("CDLIS"), that serves "as a clearinghouse and depository of information pertaining to the licensing and identification of operators of commercial motor vehicles and the disqualification of such operators from operating commercial motor vehicles." 49 U.S.C. §§ 31309(a), (d) . . . .
>
> The Secretary is authorized to maintain this database either directly or through a third-party "authorized operator." *Id.* § 31309(d). Since 1988, the Secretary has designated AAMVA, a nonprofit member association composed of motor vehicle administrators in every State and territory, to serve as CDLIS's only authorized operator. *See* 76 Fed. Reg. 68328, 68329 (Nov. 4, 2011).

[2] The Court has considered the parties' positions, as set forth in the Motion to Stay, [Doc. Nos. 135, 136], the Plaintiff States' Opposition to Federal Defendant's Motion to Stay the Preliminary Injunction Pending Appeal, [Doc. No. 156], the Plaintiff-intervenor American Federation of Teachers' Memorandum of Law in Opposition to Motion to Stay Preliminary Injunction Pending Appeal, [Doc. No. 155], the Defendant AAMVA's Opposition to Federal Defendants' Motion to Stay Injunction Pending Appeal, [Doc. No. 152], and the Federal Defendants' Reply thereto. [Doc. No. 159]. In that regard, the Court has specifically considered "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merit; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Niken v. Holder,* 556 U.S. 418, 434 (2009). The Court has also considered the "admittedly difficult legal question" standard proposed by the Federal Defendants, *see* [Doc. No. 136] at 2; [Doc. No. 159] at 2-4, and concludes that a stay is also not warranted under that standard.

**ORDERED** that the hearing on the Motion to Stay currently scheduled for November 4, 2026, is **CANCELLED**.

The Clerk is directed to forward a copy of this Order to all counsel of the record.

/s/
Anthony J. Trenga
Senior United States District Judge

October 29, 2026
Alexandria, Virginia